UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN BALDWIN, JR.,

    Petitioner,

    v.      CAUSE NO. 3:20-CV-464-RLM-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

John Baldwin, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-8-405) at the Miami Correctional Facility in which a disciplinary hearing officer found him guilty of conspiring to commit trafficking in violation of Indiana Department of Correction Offenses 111 and 113 and sanctioned him with a loss of one hundred days earned credit time and a demotion in credit class.

Mr. Baldwin argues that he is entitled to habeas relief because the nursing assistant who issued the conduct report put the pills in the recreation room to frame him. Federal courts haven't recognized actual innocence as a freestanding habeas claim in the context of prison disciplinary proceedings or otherwise, see Cal v. Garnett, 991 F.3d 843, 850 (7th Cir. 2021), so the court construes this claim as asserting insufficiency of the evidence.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the

findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines the offense of trafficking as:
>
> Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee.[1]

The administrative record includes a conduct report in which a nursing assistant says that she saw another inmate talk to Mr. Baldwin, walk in and out of the recreation room, and then make a thumbs up gesture at Mr. Baldwin. ECF 10-1. The nursing assistant immediately searched the recreation room and found six yellow pills in a napkin under the microwave. Id. The record includes a photograph of the pills and statements from other staff who also witnessed the interactions between Mr. Baldwin and the other inmate. ECF 10-9, ECF 10-10, ECF 10-11. These documents constitute "some evidence" that Mr. Baldwin conspired to commit trafficking. The claim that the hearing officer did not have sufficient evidence isn't a basis for habeas relief.

Mr. Baldwin argues that he is entitled to habeas relief because the nursing assistant issued the conduct report to retaliate against Mr. Baldwin for filing a lawsuit against her. "Prisoners are entitled to be free from arbitrary actions of prison

---

[1] Indiana Department of Correction, Adult Disciplinary Process, Appendix I: Offenses (eff. June 4, 2018), available at http://www.lb7.uscourts.gov/IDOC%20Adult%20Disciplinary%20Process%20 Appendix%20I%20-%20Offenses%206-4-2018.pdf.

2

officials. The protections against this arbitrary action, however, are the procedural due process requirements as set forth in Wolff v. McDonnell, 418 U.S. 539 (1974)." Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984) "[R]etaliatory motive in the filing of a disciplinary charge is not a ground for relief if the subsequent disciplinary proceedings are held in accordance with due process." Lee v. Berge, 14 F. App'x 690, 693 (7th Cir. 2001). Therefore, the claim of retaliation is not a basis for habeas relief.

Because Mr. Baldwin has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Mr. Baldwin wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES John Baldwin, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED on June 30, 2021

                                                 s/ Robert L. Miller, Jr.
                                                 JUDGE
                                                 UNITED STATES DISTRICT COURT